**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50029 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01068-ODW |
| v. | |
| JAIME CARDENAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Jaime Cardenas appeals from the district court's judgment and challenges

the ten-month sentence imposed upon revocation of supervised release. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Cardenas contends that the district court procedurally erred by failing to (1) recognize its authority to impose the sentence concurrently to the sentence imposed for his new criminal conviction; (2) consider the applicable 18 U.S.C. § 3553(a) sentencing factors; and (3) address his arguments and explain the sentence. The district court did not commit any plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record reflects that the district court properly treated U.S.S.G. § 7B1.3(f) as advisory rather than mandatory. The record further reflects that the district court considered the appropriate section 3553(a) sentencing factors as well as Cardenas's arguments for concurrent sentences and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

Cardenas further contends that the consecutive sentence is substantively unreasonable in light of his difficult upbringing and the positive life changes he made while on supervised release. The sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Cardenas's multiple admitted violations. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007).

**AFFIRMED.**

15-50029